RENDERED: JUNE 23, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0448-MR

SANDRA K. COMBS                                                                APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 16-CI-005108

MERIDIAN SECURITY INSURANCE
COMPANY                                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, KAREM, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Sandra K. Combs has appealed from the summary judgment

of the Jefferson Circuit Court in which it held that Meridian Security Insurance

Company properly denied coverage for an automobile accident due to her failure to

make a timely premium payment. We affirm.

On October 27, 2014, Sandra K. Combs was involved in an

automobile accident when she claimed another driver, Shaima N. Mohammad

Shah, struck the 2007 Ford Econoline van she was driving. Combs was injured in the accident and incurred medical and hospital expenses, and her van was also damaged. At the time of the accident, Combs believed she was covered by a policy of automobile liability insurance through Meridian Security Insurance Company (Meridian), policy number AKY0092273 03, which she stated was effective between November 29, 2013, and November 29, 2014. She purchased this policy from an agent of Meridian, Darrell E. Russell of Darrell E. Russell Insurance Agency, LLC. Combs called Russell from the scene to inform him of the accident. She later received a letter from Russell stating that she had been insured with Meridian from November 29, 2011, through October 25, 2014, without any lapse in coverage.

Combs received a letter from Meridian dated October 27, 2014, stating that her policy had been cancelled effective at 12:01am on October 25, 2014, due to the nonpayment of the premium pursuant to the Notice of Cancellation dated October 3, 2014. That notice stated:

> WE ARE CONCERNED THAT WE HAVE NOT RECEIVED YOUR PREMIUM PAYMENT FOR THE ABOVE POLICY. PERHAPS YOU ALREADY HAVE MAILED YOUR PAYMENT. HOWEVER, SINCE IT HAD NOT BEEN RECEIVED BY THE DATE OF THE NOTICE SHOWN BELOW, STATE LAW REQUIRES WE SEND YOU THIS NOTICE.
>
> BECAUSE PAYMENT OF THE PREMIUM THAT IS NOW PAST DUE HAS NOT BEEN RECEIVED,

YOUR INSURANCE TERMINATES AS OF THE
CANCELLATION EFFECTIVE DATE AND TIME
SET FORTH BELOW.  NO OTHER NOTICE WILL BE
PROVIDED.  TO KEEP THIS POLICY IN FORCE,
PLEASE NOTE THAT PAYMENT IN FULL MUST
BE RECEIVED PRIOR TO THE CANCELLATION
EFFECTIVE DATE.  IF NOT RECEIVED BY THIS
DATE, WE WILL SEND YOU CONFIRMATION OF
CANCELLED STATUS OF YOUR POLICY.

DATE OF NOTICE:  10/03/2014

CANCELLATION EFFECTIVE:
10/25/2014 AT 12:01 AM

REASON FOR CANCELLATION:  NON-
PAYMENT OF PREMIUMS

The amount past due was listed as $159.46.

Meridian denied coverage to Combs under the liability, collision, and reparation benefits portions of her policy because it had lapsed.  State Farm Insurance Company (the company that insured Shah) later asserted a claim against her for $17,796.11 that it had paid on her behalf.

Two years later, on October 14, 2016, Combs filed a complaint in Jefferson Circuit Court against Shah, Russell and his insurance agency (collectively, "Russell"), and Meridian,[1] alleging causes of action for personal injuries, declaratory relief, bad faith, and punitive damages.  The causes of action

---

[1] Combs originally named State Auto Insurance Companies as a defendant; Meridian was named as the proper defendant in an amended complaint.

included a negligence claim against Shah, a claim for wrongful denial of coverage against Meridian (based upon waiver due to past dealing between her and Meridian as to the payment of her premium), and claims of common law bad faith and violations of Kentucky's Unfair Claims Settlement Practices Act, Kentucky Revised Statutes (KRS) 304.12-230 and the Kentucky Consumer Protection Act, KRS 367.170, against Meridian and Russell. She also alleged that Meridian failed to pay basic reparation benefits or for the damage to her van. In an amended complaint, Combs alleged that Russell negligently failed to procure insurance for her. Combs sought a judgment against Shah for compensatory damages, a declaration that her automobile liability insurance policy with Meridian was in effect at the time of the accident, and a judgment against Russell and Meridian declaring she was entitled to coverage. She also sought compensatory damages, punitive damages, and reasonable attorney fees and costs from Russell and Meridian.[2]

Meridian filed a motion for summary judgment in January 2018 related to coverage. It argued that Combs' insurance policy was properly canceled on October 25, 2014, because she had failed to make her premium payment after receiving a notice of cancellation dated October 3, 2014. Meridian also argued that

---

[2] Combs' claims against Russell and Shah were settled and dismissed in 2020 and 2022, respectively.

it was not estopped from denying coverage because it had only allowed Combs to make late payments prior to her policy lapsing, distinguishing this case from *Howard v. Motorists Mut. Ins. Co.*, 955 S.W.2d 525 (Ky. 1997). And the one time her policy was reinstated after it lapsed in 2013, Combs both paid her outstanding premium and signed a "Statement of No Loss," which she would not have been able to do following her 2014 accident. In her response, Combs stated that Meridian continued to accept her premium payments after sending a notice of cancellation and issuing retroactive coverage. She also requested time to take additional discovery. The court did not rule on this motion.

In January 2022, Meridian filed a renewed motion for summary judgment related to coverage for the same reasons set forth in its initial motion. Because she failed to pay her insurance premium prior to the cancellation date and time, Combs was not insured at the time of the accident, and Meridian did not owe any coverage to her or any duties that would support claims for bad faith, either statutory or common law. Combs again objected to the motion, citing to the previous course of dealing between them.

The court heard oral arguments from the parties and on March 24, 2022, entered an order granting the motion for summary judgment. It set forth the background more specifically as follows:

> Ms. Combs purchased automobile liability
> insurance from agent Darrell Russell for more than

twenty years.  Since at least 2012, Ms. Combs was insured through [Meridian].  Between 2012 and 2014, Ms. Combs began caring for her dying mother, her mother and sister passed away, and she had knee surgery.  During this period, Ms. Combs was late paying her monthly insurance premiums seven times.  Each time Meridian did not receive a timely payment, it sent Ms. Combs Notices of Cancellation and eventually, she paid the premium and Meridian would then issue Policy Status Notices stating that the policy's termination issues had been resolved and the coverage was in force without interruption.

On *October 3, 2014*, Ms. Combs received *notice* from Meridian that she had not paid her monthly premium due September 29, 2014.  The notice stated that the policy would *terminate* if Ms. Combs failed to make the payment by *October 25, 2014*.  On October 27, 2014, Ms. Combs received from Meridian a Confirmed Cancellation Notice stating that effective October 25, 2014, her policy had been terminated due to failure to pay her premiums.  After Ms. Combs received the notice, she called her agent Mr. Russell to determine whether she still had insurance.  Mr. Russell told Ms. Combs that his computers were down and that he could not advise her on the policy.  Ms. Combs then called Meridian, which advised her to speak with her insurance agent.  Later that day, Ms. Combs was attempting to turn left across two lanes of traffic on Dixie Highway when her car collided with Ms. Shah's car traveling in the right-hand lane.  When Ms. Combs contacted Meridian seeking coverage for the accident, Meridian denied her claim and advised that her coverage had been terminated prior to the accident.  Ms. Combs then filed the instant action alleging that Ms. Shah was negligent and alleging that Meridian acted in bad faith in denying her claim.  Meridian is now seeking Summary Judgment on this claim.

. . . .

-6-

> Ms. Combs does not dispute that prior to the
> accident, she received Meridian's notice of cancellation
> of her coverage. In addition, Ms. Combs does not
> dispute Meridian's assertion that her premiums due had
> not been timely paid as required and that this was the
> basis for the cancellation. Notwithstanding these
> concessions, Ms. Combs argues that Summary Judgment
> is improper because her claim that Meridian acted in Bad
> Faith in denying her claim is supported by the legal
> doctrine of *estoppel*. Specifically, Ms. Combs contends
> that because Meridian had accepted late payments from
> her on previous occasions and maintained her coverage,
> it was reasonable for her to assume that this would
> continue to happen and that as a result, Meridian is
> estopped from being able to deny coverage due to her
> failure to make timely payment.

(Emphases original.) The circuit court ultimately granted summary judgment in favor of Meridian, holding that *Howard*, *supra*, was distinguishable and that estoppel was not warranted. This appeal now follows.

On appeal, Combs again concedes that she is not challenging that she had not paid her insurance premium after receiving the October 3, 2014, Notice of Cancellation. Her argument continues to be that Meridian improperly denied coverage based upon estoppel due to their past course of dealings related to her late payment of premiums. Meridian disputes this argument.

Our standard of review is set forth in *Bratcher v. State Farm Fire & Cas. Co.*, 642 S.W.3d 724, 726 (Ky. App. 2021):

> On appeal, "[t]he standard of review . . . of a
> summary judgment is whether the circuit judge correctly
> found that there were no issues as to any material fact

and that the moving party was entitled to a judgment as a matter of law. Summary judgment is appropriate where the movant shows that the adverse party could not prevail under any circumstances." *Pearson ex rel. Trent v. Nat'l Feeding Sys., Inc.*, 90 S.W.3d 46, 49 (Ky. 2002).

Further, the construction and interpretation of an insurance policy is a question of law which we review *de novo*. *Isaacs v. Sentinal Ins. Co. Ltd.*, 607 S.W.3d 678, 681 (Ky. 2020). When interpreting insurance contracts, courts in Kentucky are guided by two cardinal principles: "(1) the contract should be liberally construed and all doubts resolved in favor of the insureds; and, (2) exceptions and exclusions should be strictly construed to make insurance effective." *Kentucky Farm Bureau Mutual Insurance Co. v. McKinney*, 831 S.W.2d 164, 166 (Ky. 1992) (citations omitted).

We agree with Meridian that the circuit court properly held that Meridian was not estopped from denying coverage.

Combs cites to *Howard*, *supra*, to support her argument that Meridian is estopped from denying coverage in the present case. In *Howard*, the Supreme Court of Kentucky defined the concept of estoppel and set out its elements as follows:

[E]stoppel "offsets misleading conduct, acts, or representations which have induced a person to rely thereon to change his position to his detriment." [*Edmondson v. Pennsylvania Nat'l Mut. Casualty Ins. Co.*, 781 S.W.2d 753, 755 (Ky. 1989)] (quoting Long, *The Law of Liability Insurance* § 17.14). *Gray v. Jackson Purchase Credit Ass'n*, Ky. App., 691 S.W.2d 904 (1985), sets forth the elements of estoppel:

> (1) Conduct, including acts, language and
> silence, amounting to a representation or
> concealment of material facts; (2) the
> estopped party is aware of these facts; (3)
> these facts are unknown to the other party;
> (4) the estopped party must act with the
> intention or expectation his conduct will be
> acted upon; and (5) the other party in fact
> relied upon this conduct to his detriment.

*Id*. at 906.

*Howard*, 955 S.W.2d at 527.

Based upon our review of the record, we agree with Meridian and the circuit court that the facts in *Howard* are distinguishable from those of the present case. We find no error in the holding of the circuit court set forth below:

> The primary case cited by Ms. Combs in support of her claim is [*Howard*]. In that case, an insurance company demonstrated a pattern of accepting late premium payments from an insured. After missing a payment due date of February 3, 1991, the insured submitted payment on February 7, 1991 and this payment was accepted by the insurer. When the insured was involved in an accident on February 22, 1991, the insurer refused to provide coverage arguing that the policy was invalid due to payment not having been made on February 7, 1991 as required. The Court in *Howard* held that because the Insurer had a history of accepting late payments ***and*** because they had accepted the late payment prior to the accident at issue, they were estopped from denying coverage.
>
> The case before this Court is factually distinguishable in that Meridian had formally cancelled Ms. Combs['] policy prior to the accident **and** because they had not received her past due late payment prior to

the cancellation or the accident. Therefore, the Court must find that at the time of the accident, Ms. Combs was not insured by Meridian, no payment to bring the policy up to date had been received, and further that Meridian was not estopped from denying Ms. Combs' post-accident claim.

(Emphases original.)

In addition, the record reflects that while Combs' policy had been previously canceled for non-payment of premium and subsequently reinstated, Combs had paid her past-due premium and signed a "Statement of No Loss" in which she confirmed that she had not been involved in an accident or any incident during the period of time that her policy had lapsed. For the current lapse, Combs could not have signed such a statement as she had been involved in an accident in the interim. In addition, we reject Combs' attempts to blame Russell for the lapse of her policy or that any issues of material fact remain as to "reasonable reliance" for a jury to decide. Finally, because there was no coverage under the policy, Meridian could not have acted in bad faith. Therefore, we hold that the circuit court did not err as a matter of law in ruling that Meridian had properly denied coverage in this case.

For the foregoing reasons, the summary judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

-10-

BRIEFS FOR APPELLANT:                  BRIEF FOR APPELLEE:

George R. Carter                       David A. Shearer, Jr.
Louisville, Kentucky                   Christopher T. Brann
                                       Ft. Mitchell, Kentucky